_____

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | |
|---|---|
| **JESUS APARICIO and ELIZABETH APARICIO**, individuals, | : |
| | :    Civil No. 2:11-cv-00495 |
| Plaintiffs, | |
| | :    **REPORT & RECOMMENDATION** |
| vs. | |
| | :    **JUDGE DEE BENSON** |
| **WELLS FARGO BANK, N.A., eTITLE INSURANCE AGENCY, LLC**, a Utah company, and DOES #1-10, | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendants. | |

_____

## INTRODUCTION

Plaintiffs Jesus and Elizabeth Aparicio bring this action against defendant eTitle Insurance Agency, LLC, and Wells Fargo Bank, N.A. to quiet title and obtain damages stemming from the defendants' foreclosure of their property. The parties have filed several motions that are now currently pending before this Court pursuant to a referral under 28 U.S.C. § 636(b)(1)(b):[1] (1) Defendant eTitle's "Motion To Dismiss" for failure

---

[1] Document Number 23; District Court Order referring case to Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). Pursuant to that provision, "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the

to state a claim;[2] (2) Defendant Wells Fargo Bank N.A.'s "Motion To Dismiss" for failure to state a claim;[3] (3) Plaintiffs' "Motion To Remand" the matter to state court;[4] and (4) Plaintiffs' "Motion To Consolidate".[5] For the reasons set forth herein, this court recommends that the district court grant defendant eTitle and Wells Fargo Bank's motions to dismiss, and deny plaintiffs' motion to consolidate and motion to remand.

## BACKGROUND

The relevant, undisputed facts of this case are as follows. On May 24, 2005, plaintiffs Jesus and Elizabeth Aparicio (the "Aparicios") obtained a $140,000 loan from World Savings Bank in order to refinance a home located at 321 East 740 North, Ivins, Utah (the "property").[6] In order to obtain the loan, the Aparicios executed a promissory note (the "Note") requiring repayment of the Loan, along with a Deed of Trust that encumbered the property and secured plaintiffs' obligations under the Note.[7] Thereafter, however, the Aparicios failed to make monthly payments and defaulted on

---

disposition, by a judge of the court, of any motion."

[2] Document Number 8; Defendant eTitle Insurance Agency's "Motion To Dismiss".

[3] Document Number 12; Defendant Wells Fargo's "Motion To Dismiss Plaintiffs' Complaint".

[4] Document Number 14; "Plaintiff's Motion To Remand Back To The Fifth District Court".

[5] Document Number 21; "Plaintiff's Motion To Consolidate An Unlawful Detainer Action Into The Proceedings In This Action".

[6] Document Number 1-1; Complaint, pg. 5, ¶ 5; Document Number 13; Defendant Wells Fargo's Motion To Dismiss, pg. 4, ¶ 1.

[7] Document Number 1-2; Deed of Trust, Exhibit 1; Document Number 13; Defendant Wells Fargo's Motion To Dismiss, pg. 4 ¶ 2.

their loan. Consequently, defendant eTitle executed a notice of default and election to sell on February 1, 2010, which was recorded on February 2, 2010.[8]

Wells Fargo Bank is successor to the transaction by merger with World Savings Bank.[9] On February 17, 2010, a Substitution of Trustee was executed by Wells Fargo and recorded on February 26, 2010.[10] The substitution document states that Wells Fargo, as beneficiary "ratifies and confirms all actions taken on behalf by the successor trustee prior to the recording of this instrument."[11]

On December 2, 2010, eTitle Insurance Agency foreclosed on the Ivins, Utah property and recorded a Trustee's Deed on December 9, 2010.[12] On May 4, 2011, the Aparicios filed their complaint alleging six causes of action against Wells Fargo and three causes of action against eTitle.[13]

## ANALYSIS

**I. MOTIONS TO DISMISS**

    **A. Standard Of Review**

While a court reviewing a motion to dismiss under Rule 12 must accept the factual allegations of the complaint as true, and draw all reasonable inferences in favor

---

[8] Document Number 1-2; Notice of Default and Election To Sell, Exhibit 3.

[9] Document Number 1-1; Complaint, pg. 15, ¶ 48.

[10] Document Number 1-2; Substitution of Trustee, Exhibit 4.

[11] Id.

[12] Document Number 1-2; Trustee's Deed, Exhibit 6.

[13] Document Number 1-1; Complaint.

of the non-moving party, that requirement is not applicable to legal conclusions set forth in a pleading.[14] The Supreme Court has held that "threadbare recitals" of a cause of action's elements, supported by mere conclusory statements, are insufficient to satisfy pleading standards.[15] Indeed, a court is not bound by a pleading's legal conclusions, deductions, and opinions couched as facts.[16] Further, although all reasonable inferences must be drawn in favor of the non-moving party, a pleading will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."[17]

This court "need not accept . . . conclusory allegations without supporting factual averments."[18] Stating a proper claim under Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[19]

Applying these standards to the complaint, the Court finds that plaintiffs fail to provide proper factual support for their claims.

---

[14] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

[15] Id. (citing, Bell Atlantic Corp v. Twombly, 550 U.S. 544, 554 (2007).

[16] Twombly, 550 U.S. at 555.

[17] Twombly, 550 U.S. at 570.

[18] S. Disposal, Inc. v. Tex. Waste, 161 F.3d 1259, 1262 (10th Cir. 1998); Hall v. Bellmon, 935 F. 2d 1106, 110 (10th Cir. 1991).

[19] Iqbal, 129 S. Ct. at 1949.

### B. Defendant eTitle's Motion To Dismiss[20]

The Aparicios' complaint brings causes of action against defendant eTitle for slander (second cause of action), foreclosure fraud (fourth cause of action) and breach of the implied covenant of good faith and fair dealing (seventh cause of action).[21] In support of these claims plaintiffs offer two main undisputed allegations: first, that in February 2010 defendant eTitle executed and recorded a Notice of Default and Election to Sell, and second, that in February 2010 defendant eTitle recorded a Substitution of Trustee.

**1. Slander.**

In their second cause of action for slander, plaintiffs allege that eTitle improperly executed and recorded the Notice of Default and Election to Sell before being properly substituted as a trustee.[22]

A claim for slander of title requires plaintiffs to allege the publication of slanderous, false statements made with malice and causing actual or special damages.[23] Plaintiffs' complaint make no such assertions, and therefore fails to state a claim upon which relief can be granted. Additionally, with respect to plaintiffs' arguments surrounding the appointment of eTitle as a substitute trustee, under the

---

[20] Document Number 8.

[21] Document 1-1; Complaint.

[22] Document 1-1, Complaint pg. 14, ¶¶38-41.

[23] First Security Bank of Utah v. Banberry Crossing et.al., 780 P.2d 1253, 1256-57 (Utah 1989).

applicable law "[t]he beneficiary may appoint a successor trustee at any time."[24] Further, "the beneficiary may, by express provision in the substitution of trustee, ratify and confirm action taken on the beneficiary's behalf by the new trustee prior to the recording of the substitution of trustee."[25]

### 2. Foreclosure Fraud.

Plaintiffs fourth cause of action for foreclosure fraud is based upon the same premise; namely, that defendant eTitle was not a qualified trustee and therefore did not have the power of sale.[26]

As an initial matter, the Court finds that plaintiffs fail to plead their claim of fraud with the requisite particularity required under Federal Rule 9(b).[27] In cases involving allegations of fraud plaintiffs must "state with particularity the circumstances constituting fraud or mistake."[28] To satisfy this requirement, a complaint must "describe the specific representations which are allegedly fraudulent, the particular defendant who made the misrepresentations, and the falsity of the representations."[29] Plaintiffs claim for foreclosure fraud fails to do so.

---

[24] Utah Code Ann. § 57-1-22(1)(a). "The beneficiary may appoint a successor trustee at any time by filing for record in the office of the county recorder of each county in which the trust property or some part of the trust property is situated, a substitution of trustee."

[25] Utah Code Ann. § 57-1-22(1)(c).

[26] Document 1-1; Complaint, pg. 16 ¶¶50-55.

[27] Fed. R. Civ. P. 9 (b).

[28] Id.

[29] Armani v. Maxim Healthcare Servs. Inc., 53 F. Supp.2d 1120, 1130 (D. Colo. 1999).

Additionally, it is undisputed that in February 2010 defendant eTitle was appointed as the trustee by the Substitution of Trustee.[30] As noted above, the Utah Code does not require that the Substitution of Trustee be filed prior to filing the Notice of Default and plaintiffs' assertions to the contrary are incorrect.[31]

### 3. Breach of Covenant of Good Faith And Fair Dealing.

Plaintiffs seventh cause of action alleges a breach of the trustee's duty of good faith and fair dealing. Plaintiffs assert that eTitle was not a qualified trustee and therefore had no power of sale because "only the beneficiary can appoint a qualified successor trustee under Section § 57-1-22."[32]

Upon review, the Court finds that plaintiffs do not allege any facts to support a claim for breach of the duty of good faith and fair dealing. Moreover, the filing of the Notice of Default and Election to Sell and the Substitution of Trustee were not a breach of any covenant since defendant eTitle was statutorily required to do so.[33] Any claim to the contrary is based upon an incorrect interpretation of the Utah Code. Again, the Utah Code does not require that the Substitution of Trustee be filed prior to filing the Notice of Default.[34] Instead, the express terms of the Trust Deed and Note gave

---

[30] Document Number 1-2; Substitution of Trustee, Exhibit 4.

[31] *See,* Utah Code Ann. § 57-1-22.

[32] Document 1-1; Complaint, pg. 20, ¶65.

[33] *See,* Utah Code Ann. § 57-1-21.5. "[t]he following duties of the trustee may not be delegated: (a) the preparation and execution of: (i) the notice of default and election to sell; (ii) the cancellation of notice of default and election to sell; (iii) the notice of sale; and (iv) the trustee's deed."

[34] See, Utah Code Ann. § 57-1-22(1)(a).

defendant the right to assign the Trust Deed and to foreclose on the property after plaintiffs' default.[35]

### 4. Conclusion.

For the reasons set forth, the Court recommends that the district court grant eTitle's motion to dismiss based upon plaintiffs' failure to state claims upon which relief may be granted.

### C. Defendant Wells Fargo's Motion To Dismiss[36]

The Aparicios' complaint alleges causes of action against defendant Walls Fargo Bank for quiet title (first cause of action), slander of title (second cause of action), negligence (third cause of action), foreclosure fraud (fourth cause of action), breach of the implied covenant of good faith and fair dealing (fifth cause of action) and unjust enrichment (sixth cause of action).[37]

### 1. Quiet Title.

Plaintiffs first claim seeks to quiet title under a "split-the-note theory" as plaintiffs contend that because the "trust deed has been split from the note the former is a nullity and should be stricken."[38] This claim, however, must fail because under Utah law, the Note and the Trust Deed cannot be split, and a change of ownership does not impair

---

[35] Document Number 1-2, Trustee's Deed, Exhibit 6.

[36] Document Number 12.

[37] Document 1-1; Complaint.

[38] Document 1-1; Complaint, pg. 1, ¶35.

the security interest of the Trust Deed.[39] Utah Code Section 57-1-35 makes it impossible to split the note from the security interest and therefore the Trust Deed remains valid even if the note changes ownership.[40]

### 2. Slander of Title.

Next, the Aparicios assert that Wells Fargo slandered title by "purporting to appoint eTitle Insurance Agency as substitute trustee" after eTitle recorded the Notice of Default.[41]

In order to prove slander of title, a claimant must show "(1) there was a publication of a slanderous statement disparaging the claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement cause actual or special damages."[42] Plaintiffs fail to allege the required elements for a slander of title claim and therefore they fail to state a proper claim upon which relief may be granted. Furthermore, plaintiffs cannot show that Wells Fargo published a slanderous statement

---

[39] See, Rodeback v. Utah Fin., Case No. 1:09-cv-00134, 2010 U.S. Dist. LEXIS 69821, *9 (D. Utah July 13, 2010)(unpublished) ("Utah Code section 57-1-35 makes it impossible to split the note from the security interest. Therefore, the Trust Deed is valid even if the note changed ownership."); See also, Strupat v. Aurora Loan Servs. LLC, Case No. 2:11-cv-00279, 2011 U.S. Dist. LEXIS 617721 (D. Utah June 9, 2011) (unpublished) ("courts have repeatedly held that the mortgage follows the note and have rejected the 'split the note' theory")).

[40] See, Utah Code Ann. § 57-1-35. See also, Witt v. CIT Group.Consumer Fin. Inc., 2:10-cv-440, 2010 U.S. Dist LEXIS 117915, * 11 (D. Utah Nov. 5, 2010)(unpublished) ("notion that the note has been 'split' is squarely at odds with the firmly established presumption that a transfer of the note carries with it the deed of trust, without any formal assignment")).

[41] Complaint, Document 1-1-, pg. 14, ¶ 39.

[42] RJW Media, Inc. v. CIT Group/Consumer Finance, Inc,, 202 P.3d 291, 296 (Utah App. 2008).

disparaging title because eTitle was the properly authorized successor trustee.[43]  Again, the recording of a notice of default prior to a substitution of trustee does not impair the authority of a trustee to conduct foreclosure proceedings when the beneficiary ratifies all of the successor trustee's prior actions in the recorded Substitution of Trustee.[44]

### 3. Negligence.

In their third cause of action plaintiffs allege that Wells Fargo acted negligently when it breached its duty of care by "failing to properly and accurately credit payments made by Plaintiffs toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so."[45]

In general, plaintiffs' claim of negligence is devoid of the requisite specific, well-pled factual allegations necessary to support a negligence cause of action.  The claim merely contains conclusory statements which fail to detail any specific allegations such as what the Trust Deed errors are, and how plaintiffs were damaged thereby.  Under relevant legal standards, "the conclusory nature of [Plaintiffs'] allegations. . . disentitles

---

[43] Document Number 1-2; Substitution of Trustee, Exhibit 4.

[44] Utah Code Ann. §57-1-22 (1)(c) provides: "[t]he beneficiary may, by express provision in the substitution of trustee, ratify and confirm action taken on the beneficiary's behalf by the new trustee prior to the recording of the substitution of trustee."  See also, Knight v. BAC Home Loan Servicing, LP, 2011 U.S. Dist. LEXIS 58945 (D. Utah)("[E]ven assuming that the Substitution of Trustee was signed after the Notice of Default, it specifically ratified all prior actions taken by . . . successor trustee, as permitted specifically by statute")).

[45] Document 1-1; Complaint pg. 15, ¶ 44.

them to the presumption of truth."[46]

Further, the economic loss rule applies and bars plaintiffs' claim since "economic damages are not recoverable in negligence absent physical property damage or bodily injury."[47] Here, application of the economic loss rule bars plaintiffs from recovering under a negligence theory since Wells Fargo did not owe any duties to plaintiff independent of the contractual relationship established through the parties' Loan and set forth in the Loan documents.[48]

### 4. Foreclosure Fraud.

The Aparicios assert several basis to support their claim that the foreclosure sale was fraudulent: (1) eTitile was not a lawfully appointed trustee because the Notice of Default was recorded prior to the recorded Substitution of Trustee;[49] (2) the loan was sold to investors as a "mortgage backed security and that Wells Fargo did not own this loan, or the corresponding note";[50] and (3) Wells Fargo cannot show the "original note to prove that they are in fact the party authorized to conduct the foreclosure."[51]

Plaintiffs first argument has been previously addressed throughout this recommendation. This Court rejects the claim that eTitle was not a lawfully appointed

---

[46] Iqbal, 129 S. Ct. at 1951.

[47] SME Indus. Inc, v, Thompson, Ventulett, Stainback & Assocs., Inc., 28 P.3d 669, 680 (Utah 2001).

[48] Document Number 1-2; Deed of Trust, Exhibit 1.

[49] Document 1-1;Complaint, pg. 16, ¶ 51.

[50] Document 1-1; Complaint, pg. 16, ¶53.

[51] Document 1-1; Complaint, pg. 16, ¶ 54.

trustee. All actions of eTitle were ratified by the beneficiary, Wells Fargo, upon the recording of the Substitution of Trustee.[52] Next, this Court also rejects the theory that an alleged securitization of the Loan precluded Wells Fargo from foreclosing on the property. Whether or not a loan has been securitized does not affect the borrower's obligation to pay or the lender's right to foreclose.[53] Further, "there is no legal authority that the sale or pooling of investment interests in an underlying not can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property."[54] Finally, Wells Fargo is not required to show the original note in order to foreclose, because the power of sale arises out of the Trust Deed, and not out of the Note.[55] Wells Fargo is the successor by merger to World Savings Bank, FSB and is therefore the beneficiary under the Deed of Trust with the contractual authority to exercise the power of sale.

In addition to the reasons stated above, plaintiffs fraud claim also fails because it has not been pled with the requisite particularity required under the Federal Rules of

---

[52] Document 1-2; Substitution of Trustee, Exhibit 4.

[53] The Court notes that the parties may differ as to whether or not the Loan was securitized. Whether or not the note was securitized, however, does not prohibit the Court from dismissing the claim.

[54] Taylor v. Citimortgage, Inc., Case No. 2:10-cv-505, 2010 U.S. Dist. LEXIS 119808, *9 * (D. Utah Nov. 10, 2010)(unpublished).

[55] See, Utah Code Ann. § 57-1-23; See also, Marty v. Mortgage Electronic Registration Systems, et al., Case No. 1:10-cv-00033, fn 42, 2010 U.S. Dist. LEXIS 111209 (D. Utah Oct. 19, 2010)(unpublished)("because a Trustee's sale is not an action to enforce the note, but rather an exercise of the power of sale upon default, the note need not be produced")); Diessner v. Mortgage Elec. Registration Sys., 618 F. Supp.2d 1184 (D. Ariz. 2009)(unpublished)(district courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit")).

Civil Procedure 9(b).[56] The mere recitation of elements without more is inadequate. Instead, allegations of fraud should set forth the "who, what, when, where and how" of the claim.[57] Here, the Aparicios fail to plead the elements of foreclosure fraud with the necessary specificity and therefore fail to state a claim upon which relief can be granted.

### 5. Breach of Implied Covenant Of Good Faith & Fair Dealing.

Plaintiffs allege that Wells Fargo breached the implied covenant of good faith and fair dealing when processing and evaluating the Aparicios' application for modification of their loan obligations. Specifically, plaintiffs assert that defendant lost paperwork and faxes, did not provide paperwork, and changed a determination regarding a potential trial modification.[58]

An implied covenant of good faith and fair dealing inheres to most contractual relationships.[59] Under that covenant "each party impliedly promises that he will not intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract."[60] An implied covenant, however, is not without

---

[56] Fed. R. Civ. P. 9(b).

[57] United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 72 (10th Cir. 2006).

[58] Document 1-1; Complaint, pg. 17, ¶58.

[59] See generally, Zion's Properties, Inc. v. Holt, 538 P.2d 1319, 1321 (Utah 1975); Ted R. Brown and Assoc. v. Carnes Corp., 753 P.2d 964, 970 (Utah Ct. App. 1988).

[60] St Benedict's Dev. Co. v. St. Benedict's Hosp., 811 P.2d 194, 199 (Utah 1991)(citing Bastian v. Cedar Hills Investment & Land Co., 632 P.2d 818, 821 (Utah 1981)).

limits.  The covenant can neither be used to establish independent rights and duties not agreed upon by the parties, nor to form new rights and duties inconsistent with the express terms of the contract.[61]

Plaintiffs fail to allege that Wells Fargo's actions were taken with the intent to destroy or injure plaintiffs right to receive the "fruits" of the contract— the receipt of money to refinance their home.  Additionally, there has been no breach of an implied covenant because the obligations upon which plaintiffs' claims depend are inconsistent with the express terms of the contract.  The loan documents do not contemplate procedures for negotiation and modification of the clear contractual obligations.  Under the contract, plaintiffs were required to meet their obligations to make timely monthly payments and have no right to any modification thereof.[62]

In addition, plaintiffs also argue that they are third party beneficiaries of Home Affordable Modification Program "HAMP".   However, plaintiffs' argument must fail because under HAMP borrowers are not third party beneficiaries and there is no private right of action.[63]

**6. Unjust Enrichment.**

Finally, plaintiffs seek restitution for what they characterize as Wells Fargo's

---

[61] Oakwood Vill. L.L.C. v. Albertsons, Inc., 104 P.3d 1226, 1240 (Utah 2004)(citing, Brehany v. Nordstrom Inc., 812 P.2d 49, 55 (Utah 1991).

[62] Document Number 1-2, Trustee's Deed, Exhibit 6, § 1.

[63] See, Marks v. Bank of America, Case No. 3:10-cv-08039, 2010 U.S. Dist. LEXIS 61489, at *6-12 (D. Ariz. June 22, 2010)(unpublished); Shurtliff v. Wells Fargo Bank, N.A., 2010 U.S. Dist. LEXIS 117962, *10 (D. Utah Nov. 5, 2010)(unpublished).

"unjust enrichment" and their concomitant "unjust deprivation".[64]

"Recovery under unjust enrichment presupposes that no enforceable written or oral contract exists."[65] Here, Wells Fargo's right to foreclose and sell the properly is clearly established under the parties' loan contract and therefore plaintiffs are not entitled to seek restitution under a claim for unjust enrichment.

### 7. Conclusion.

For the reasons set forth, the Court recommends that the district court grant Wells Fargo's motion to dismiss based upon plaintiffs' failure to state claims upon which relief may be granted

## II. PLAINTIFFS' MOTION TO REMAND[66]

On June 1, 2011, Wells Fargo Bank filed its "Notice of Removal" thereby removing the above entitled action from the Fifth Judicial District Court, Washington County, State of Utah to the United States District Court for the District of Utah. In its removal, Wells Fargo asserted that federal jurisdiction pursuant to 28 U.S.C. § 1332 was appropriate because the matter involved a civil dispute between citizens of different states, and the matter in controversy exceeded the sum of $75,000, exclusive of interest and cost.[67]

---

[64] Document Number 1-1; Complaint; pg. 18, ¶ 61.

[65] Ashby v. Ashby, 2010 UT 7, ¶14.

[66] Document Number 14.

[67] Document Number 1; "Notice of Removal", pg. 2.

On June 29, 2011, the Aparicios filed their "Motion To Remand Back To The Fifth District Court" asserting that state, not federal court, is the proper venue since there is no diversity jurisdiction or unanimity, and the amount in controversy requirement cannot be met.[68]

First, as set forth above, there are no allegations establishing a claim against eTitle and therefore its joinder should be ignored for removal purposes. In making a determination of diversity, the court looks to the real parties in interest. A party is considered to be "fraudulently joined" when it is shown that "plaintiff can prove no valid cause of action against that party."[69] Here, the Aparicios can not prove a valid cause of action against defendant eTitle. For the most part, each of plaintiffs' claims against defendants are based upon the erroneous theory that eTitle was not properly authorized as trustee when it recorded the Notice of Default and commenced foreclosure proceedings.[70] As discussed throughout, eTitle acted in compliance with Utah law in carrying out the foreclosure procedures for the beneficiary of the deed of trust executed by the parties. Accordingly, eTitle should be disregarded for jurisdiction purposes and therefore the only remaining defendant, Wells Fargo, is diverse from plaintiffs— complete diversity is satisfied.

Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires that the

---

[68] Document No. 14; "Plaintiff's Motion To Remand Back To The Fifth District Court".

[69] Anderson v. Homecomings Fin., LLC, Case No. 2:11-cv-332, 2011 U.S. Dist. LEXIS 65897 (D. Utah June 20, 2011) (citing to Montano v. Allstate Indem., 211 F.3d 1278, 2000 U.S. App. LEXIS 6852, *4-5 (unpublished)(10th Cir. 2000)).

[70] Document 1-1; Complaint.

matter in controversy exceed the sum of $75,000, exclusive of interest and costs.[71] "In cases seeking declaratory and injunctive relief, the amount in controversy is measured by the value of the object of the litigation."[72] Here, the value of the object in question, the Property, exceeds the jurisdictional amount of $75.000.00 as plaintiffs borrowed more than $75,000.00 to purchase the property and the property sold for more than $75,000 at the foreclosure sale.[73]

Third, plaintiffs argument that defendants lack unanimity to remove to federal court cannot succeed since under the rule of unanimity it is not necessary that all defendants sign the same notice of removal. Instead, "each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed."[74] Defendant eTitle independently and unambiguously consented to Wells Fargo filing the notice of removal to federal court and therefore consent to do so was unanimous.[75]

In the alternative, this Court has subject-matter jurisdiction because plaintiffs'

---

[71] 28 U.S.C. § 1332 states: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

[72] Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893 (10th Cir. 2006)(quoting, Hunt v. Wash. State Apple Adver. Comm'n., 432 U.S. 333, 347 (1977)).

[73] Document Number 1-2; Trustee's Deed, Exhibit 6.

[74] Jarvis v. FHP of Utah, 874 F. Supp. 1253, 1254 (D. Utah 1995).

[75] Document Number 1-2; "eTitle Consent To Removal Letter" pg. 41.

complaint contains claims that arise under federal law and require the consideration of federal laws and regulations. The complaint references alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, the Home Affordable Modification Program, and contains additional allegations that are completely pre-empted by federal statute including claims pertaining to the origination, processing and servicing of plaintiffs' loan.

For these reasons, the Court finds that removal to federal court was appropriate and recommends that the district court deny plaintiffs' request to remand.

### III. PLAINTIFFS' MOTION TO CONSOLIDATE[76]

On July 11, 2011, Federal Home Loan Mortgage Corporation filed an unlawful detainer action (the "state court action") against plaintiffs in the Fifth District State Court.[77] Thereafter, on July 27, 2011, the Aparicios filed their pending "Motion To Consolidate" seeking to join that state court action with this federal case (the "federal court action") citing to common questions of law and fact and judicial economy.[78]

Upon consideration, plaintiffs motion to consolidate should be denied. Rule 42(a)(2) of the Federal Rules of Civil Procedure provides that "[i]f actions before the

---

[76] On August 2, 2011 plaintiffs filed a "Withdrawal of Motion to Consolidate" in a separate federal court action (the "second federal court action"), case number 2:11-cv-646. While captioned for this case, the withdrawal was actually filed in a second, separate federal court case. Thus, while plaintiffs may have intended to withdraw their motion, due to the confusion related to filing, the court will address the consolidation motion in this case.

[77] Document Number 26-1.

[78] Document Number 21; "Plaintiff's Motion To Consolidate An Unlawful Detainer Action Into The Proceedings In This Action", pg. 4.

court involve a common question of law or fact, the court may . . . consolidate the actions."[79] Here, the state court action is not an action before this court and therefore the court has no authority to consolidate the state court action into this federal action.

Additionally, plaintiffs fail to meet their burden of establishing common questions of law and fact. Questions of fact and law related to an unlawful detainer action are significantly different that those presented in this action involving quiet title, slander of title, negligence, foreclosure fraud, breach of the implied covenant of good faith and fair dealing and unjust enrichment.

For these reasons, the Court finds that consolidation would be inappropriate and recommends that the district court deny plaintiffs' motion to consolidate.

## **RECOMMENDATION**

For the reasons stated herein, the court hereby recommends to the district court that:

1. Defendant eTitle's Motion To Dismiss is granted
2. Defendant Wells Fargo Bank's Motion To Dismiss is granted.
3. Plaintiffs' Motion To Remand is denied.
4. Plaintiffs' Motion To Consolidate is denied.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days

---

[79] Fed. R. Civ. P. 42(a)(2).

after being served with a copy.[80] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17th day of October, 2011.

BY THE COURT:

*[signature: Brooke C. Wells]*

Brooke C. Wells
United States Magistrate Judge

---

[80] *See,* Fed. R. Civ. P. 72(b)(2).